UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CARL W. GROSS, | No. 15-cv-4366 LB |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | [Re: ECF Nos. 1, 6, 7] |
| S. PEERY, | |
| Respondent. | |

### INTRODUCTION

Carl W. Gross, an inmate at the High Desert State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Davis consented to proceed before a magistrate judge. (ECF No. 6 at 17.)[1] This order requires a response from the respondent and requires Mr. Gross to pay the filing fee.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

15-cv-4366 LB
ORDER

**STATEMENT**

Mr. Gross pled no contest and was convicted in the Alameda County Superior Court of murder with sentence enhancements. He states that he was sentenced on September 19, 2013 to a term of 25 years to life in prison. (ECF No. 6 at 2.)

Mr. Gross later filed a motion to withdraw his guilty plea. The Alameda County Superior Court denied the motion for lack of jurisdiction due to its untimeliness. (ECF No. 1 at 42.)

Mr. Gross filed a petition for writ of habeas corpus in the California Court of Appeal and the California Supreme Court. The California Supreme Court denied his petition for writ of habeas corpus. (*Id.* at 53.) Mr. Gross then filed this action.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

In his federal petition for writ of habeas corpus,[2] Mr. Gross asserts the following claims: First, he alleges that his no-contest plea "was the product of ineffective assistance of counsel," in violation of his Sixth Amendment right to counsel and Fourteenth Amendment right to due process. (ECF No. 6 at 8-9.) He also alleges that counsel provided ineffective assistance in refusing to communicate with him after the sentencing, which harmed Mr. Gross' efforts to file an appeal and a motion to withdraw his guilty plea. (*Id.* at 19; ECF No. 6-1 at 3-4.) Although Mr. Gross also cited the Fifth Amendment in his first claim, a state prisoner's right to due process arises under the Fourteenth Amendment rather than the Fifth Amendment. Second, Mr. Gross alleges that the rejection of his motion to withdraw his no-contest plea violated his First Amendment right to

---

[2] Mr. Gross neglected to sign the petition for writ of habeas corpus (ECF No. 1), and later filed a signed copy of that petition (ECF No. 6). The latter appears to be the same document as the former, except that the exhibits are not attached to the latter.

1 petition the government for redress of grievances, his "5th and 6th [A]mendment rights to trial by
2 jury [and] due process," and his 14th Amendment right to due process. (ECF No. 6 at 8, 12-13.)
3 Third, Mr. Gross contends that he was denied his constitutional right to due process because he was
4 "mentally incapacitated and under duress and coercion" at the time he entered his no-contest plea.
5 (*Id.* at 8, 14-15.) The first and third claims are cognizable in a habeas action. Giving the *pro se*
6 petition the liberal construction to which it is entitled, it cannot be said that the second claim is
7 patently meritless. The respondent must file a response to the petition.

8 The court notes that Mr. Gross needs to be more careful in the preparation of documents. He
9 neglected to sign his original petition, neglected to provide fill in some of the requested information
10 (such as the result and dates of decision from the California Court of Appeal and California Supreme
11 Court on his petitions for writ of habeas corpus (ECF No. 6 at 6)), neglected to attach a copy of the
12 decision from the California Court of Appeal), and neglected to attach the required certificate of
13 funds for his *in forma pauperis* application. Mr. Gross also indicates that his initial failure to sign
14 his motion to withdraw the no-contest plea was part of the cause of the rejection of that motion in
15 state court. For future filings, Mr. Gross must carefully re-read his documents before filing them to
16 be sure that they are complete and signed before he mails them.

## CONCLUSION

18 For the foregoing reasons,
19 1. The petition warrants a response.
20 2. The clerk shall serve by mail a copy of this order, the petition and all attachments thereto
21 upon the respondent and the respondent's attorney, the Attorney General of the State of California.
22 The clerk shall also serve a copy of this order on Mr. Gross.
23 3. The clerk also shall serve a copy of the "consent or declination to magistrate judge
24 jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the
25 State of California.
26 4. The respondent must file and serve upon Mr. Gross, on or before **January 15, 2016**, an
27 answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing
28 cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a

15-cv-4366 LB
ORDER                                3

copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

5. If Mr. Gross wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **February 12, 2016**.

6. Mr. Gross is responsible for prosecuting this case. Mr. Gross must promptly keep the court informed of any change of address and must comply with orders in a timely fashion.

7. Mr. Gross is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

8. Mr. Gross' application to proceed *in forma pauperis* is DENIED because he failed to attach the required signed certificate of funds and copy of his inmate trust account statement. (ECF No. 7.) No later than **December 11, 2015**, Mr. Gross must pay the $5.00 filing fee. This action may be dismissed if he does not pay the filing fee by the deadline.

**IT IS SO ORDERED.**

Dated: October 28, 2015

_____
LAUREL BEELER
United States Magistrate Judge